**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JAVIER PATTON, | Case No. 26-CV-0497 (ECT/JFD) |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| KIDS PEACE MESUBI ACADEMY JU-VINIELE FAC., DEVIN, BRANDON, AMANDA, and TRINIDAD, | |
| Defendants. | |

This matter is before the Court on Plaintiff Javier Patton's Complaint (Dkt. No. 1) and Application to Proceed *In Forma Pauperis* (Dkt. No. 8 ("IFP Application")). For the following reasons, the Court recommends dismissing part of this action (and allowing other parts to proceed), grants the IFP Application, and takes steps to begin service on the remaining Defendants.

## BACKGROUND

I.      **The Parties**

Mr. Patton is this action's sole plaintiff. Proceeding *pro se*, he is currently incarcerated at the Minnesota Correctional Facility–Rush City. (*See* Compl. 1, 4.) The conduct underlying this action predates his incarceration. It allegedly occurred in 2014, when Mr. Patton was a juvenile between 13–14 years old and was held at the "Kids Peace Mesubi

Academy Juviniele [sic] Fac." (the "Facility" or "Mesabi Academy"). (*See id.* at 1.[1]) Mr. Patton names as Defendants the Facility and four of its staff members: "Devin" (an adult female), "Trinidad" (an adult male), "Brandon" (an adult male), and "Amanda" (an adult female). (*See id.* at 1–2.) The Complaint does not state the capacity in which Mr. Patton sues the individual Defendants. Because he seeks punitive damages, which are unavailable in an official-capacity suit, the Court construes him as asserting individual-capacity claims against them. *See, e.g.*, *S.A.A. v. Geisler*, 127 F.4th 1133, 1140 (8th Cir. 2025) (citing *Powell v. Alexander*, 391 F.3d 1 (1st Cir. 2004)).

## II.   The Complaint's Allegations[2]

At root, the Complaint alleges a pattern of sexual and physical abuse by Facility staff during Mr. Patton's time there.

Mr. Patton alleges that Devin repeatedly forced him to perform oral sex on her and compelled digital penetration, securing his compliance by promising to "get [him] 'out' faster" and threatening to keep him "there longer" if he reported the abuse. (*See* Compl. 1.) He claims that Devin then recruited Trinidad, who encouraged Mr. Patton to perform sexual favors for Devin and himself anally penetrated Mr. Patton from behind. Mr. Patton states that this abuse continued for approximately 6 months. (*See id.*) Mr. Patton alleges

---

[1] In what follows, the Court corrects Mr. Patton's misspelling of "Juvenile" in future reference to the Facility.

[2] For purposes of this screening under 28 U.S.C. §§ 1915 and 1915A, the Court accepts as true the Complaint's well-pleaded facts. *See, e.g.*, *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014) (citing *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014)).

that Amanda, who was larger than him, entered his room at night, struck him, climbed on top of him, and forced penile penetration; that she grabbed his face and warned him not to tell anyone; that on another occasion she painfully assaulted him when he did not become aroused as he cried and begged her to stop; and that on a further occasion she slapped him repeatedly when he refused her advances. (*See id.* at 2.) Mr. Patton also asserts that he suffered "a number of" additional "sexual assaults" which he could not detail more fully without discovery and access to Facility files. (*Id.*)

Mr. Patton separately alleges that Brandon beat him on two occasions in 2014. The first occurred after a fight between Mr. Patton and another youth. Brandon allegedly hit Mr. Patton in the face with closed fists and elbowed him until he bled and required hospitalization. (*See id.* at 1.) In the second attack, Brandon entered Mr. Patton's room and beat him on his face until Mr. Patton blacked out and again required medical attention. (*See id.* at 2.)

The Complaint states that Mr. Patton reported the abuse to "case managers and higher ups," that his reports "led to investigations," and that the Facility nonetheless "never stopped the staff" from abusing him. (*Id.* at 2–3.) He characterizes the conduct as "cruel and unusual punishment," "deliberate indifference," "failure to protect," and reflecting "other constitutional violations" that he asks the Court to identify. (*Id.* at 4.) Mr. Patton alleges that he has had no schooling since age 13–14, that he continues to suffer, that he has "severe degrees of mental illness due to these violations," and that he is "just getting [his] mind back." (*Id.*)

### III.   Matters of Public Record Concerning Mesabi Academy and Party Substitution

As noted above, Mr. Patton names as a Defendant "Kids Peace Mesubi Academy Juvenile Fac." To the Court's knowledge, this designation does not correspond to any suable legal entity; a specific building or program where alleged conduct occurred cannot be sued. *See* Fed. R. Civ. P. 17(b); *cf. De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (noting that county jail is not suable entity). The proper Defendants here are the corporate entities that operated the facility.

The Court takes judicial notice of two types of public records bearing on the identity of those corporate entities. First, the Court takes judicial notice of filings in *L.T. v. KidsPeace Corp.*, No. 27-CV-17-3148 (Minn. Dist. Ct.), a civil action arising from alleged maltreatment of other juveniles at Mesabi Academy. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (noting that court may take judicial notice of public court records (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999))). Orders in that action, alongside its public docket, confirm that the entities sued for conduct associated with the operation of Mesabi Academy were KidsPeace Corporation and KidsPeace Mesabi Academy, Inc. (*See, e.g.*, Order Concerning Disclosure of Certain Data 1, *L.T. v. KidsPeace Corp.*, No. 27-CV-17-3148 (Minn. Dist. Ct. Apr. 16, 2019)); Register of Action, *L.T. v. KidsPeace Corp.*, No. 27-CV-17-3148 (Minn. Dist. Ct.).)

Second, the Court can take judicial notice of records of the Minnesota Secretary of State, finding that they are public filings whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (noting that court may take judicial notice of public records) (citing *Faibisch v. Univ. of*

*Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002))). Those records establish that KidsPeace Corporation and KidsPeace Mesabi Academy, Inc., remain two foreign nonprofit corporations registered to transact business in Minnesota. (*See, e.g.*, KidsPeace Corp., Minn. Bus. Filing No. 91616, Minn. Sec'y of State Bus. Record Details, *available at* https://mblsportal.sos.mn.gov/Business (last visited May 26, 2026)); KidsPeace Mesabi Acad., Inc., Minn. Bus. Filing No. 91618, Minn. Sec'y of State Bus. Record Details, *available at* https://mblsportal.sos.mn.gov/Business (last visited May 26, 2026).)[3]

Taken together, these judicially noticeable facts establish that the entity Mr. Patton has attempted to sue as "Kids Peace Mesubi Academy Juvenile Fac." corresponds to KidsPeace Corporation and KidsPeace Mesabi Academy, Inc. Mr. Patton's naming thus reflects a misidentification of the proper corporate defendants rather than an attempt to sue a different entity.

Under Rule 21, the Court "may at any time, on just terms, add or drop a party," and may do so on its own motion. Because the correct defendants are ascertainable from judicially noticeable records, and because this action remains at the screening stage with no defendant yet served, the Court substitutes KidsPeace Corporation and KidsPeace Mesabi Academy, Inc. as defendants in place of "Kids Peace Mesabi Academy Juvenile Fac."[4] The

---

[3] According to the records, both entities are Pennsylvania nonprofit corporations registered in Minnesota.

[4] Because no Defendant has been served in this action, this substitution does not deprive the added entities of any procedural protection. Upon service and entry of appearance, KidsPeace Corporation and KidsPeace Mesabi Academy, Inc., may respond to the Complaint in any manner permitted by the Federal Rules of Civil Procedure, including by motion

Court expresses no view at this time on which entity, if either, is a proper defendant on the merits of Mr. Patton's claims. Those questions are reserved until the substituted defendants have been served and have had the opportunity to respond.

## IV.    Claims and Relief Sought

Liberally construed, the Complaint asserts four federal-law claims, all under 42 U.S.C. § 1983.

1.    A claim for unconstitutional sexual abuse against Devin, Trinidad, and Amanda in their individual capacities.

2.    A claim for unconstitutional excessive force against Brandon in his individual capacity.

3.    An entity-liability claim (under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)) against the institutional defendant, based on an alleged custom of deliberate indifference to and failure to protect Mr. Patton from abuse.

4.    A catch-all request that the Court identify and name "other" constitutional violations that Mr. Patton cannot articulate. (*See* Compl. 3.)

The factual narrative also fairly suggests parallel Minnesota tort claims (i.e., for sexual assault, assault and battery, and negligent failure to protect or supervise). For relief, Mr. Patton seeks $45 million in various forms of damages. (*See id.*)

## ANALYSIS

## I.    Standard of Review

Rather than pay this action's filing fee, Mr. Patton submitted the IFP Application, which suggests that as a financial matter he qualifies for *in forma pauperis* ("IFP") status.

---

under Rule 12 and including by raising any defense based on the statute of limitations or the absence of relation back. Nothing in this Order limits the defenses available to the substituted Defendants once they appear.

But under the federal statute governing IFP proceedings, a court must "dismiss [an IFP proceeding] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).[5]

To determine whether a complaint states a claim, a court accepts its factual allegations as true and draws reasonable inferences in the plaintiff's favor. *See, e.g.*, *Varga*, 764 F.3d at 836 (citing *Loftness Specialized Farm Equip.*, 742 F.3d at 854). The allegations need not be detailed, but they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). A complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Assessing plausibility is "context-specific" and requires courts to "draw on [their] judicial experience and common sense." *Id.* at 679; *see also, e.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014)) (cleaned up)). Although courts must construe *pro se* complaints like Mr. Patton's liberally, such pleadings must still allege enough facts to support the asserted claims. *See, e.g.*, *Sandknop v. Mo. Dep't of Corrs.*, 932 F.3d 739, 741–42 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

---

[5] Section 1915(e)(2) speaks in terms of "the case," but caselaw is clear that courts may also dismiss *portions* of a case that run afoul of § 1915(e)(2)(B). *See, e.g.*, *Hunter v. Mayo Clinic*, No. 21-CV-0742 (ECT/HB), 2021 WL 1877638, at *2 n.3 (D. Minn. Apr. 16, 2021) (citing cases), *report and recommendation adopted*, 2021 WL 1873430 (D. Minn. May 10, 2021).

## II.    Excessive-Force Claims Against Brandon

While much of the Complaint will survive this screening, from the pleadings it appears that the claims against one Defendant should be dismissed. The events the Complaint discusses occurred in 2014 (*see* Compl. 1) and the Complaint was filed in 2026. Section 1983 itself has no limitations period. Federal courts addressing § 1983 claims therefore borrow the forum state's general or residual personal-injury statute of limitations, together with its coordinate tolling rules (though federal law governs when a cause of action accrues). *See, e.g.*, *Owens v. Okure*, 488 U.S. 235, 240–43 (1989) (discussing *Wilson v. Garcia*, 471 U.S. 261 (1985)); *Martin v. Julian*, 18 F.4th 580, 583 (8th Cir. 2021) (citing cases, including *Wilson*, 471 U.S. at 276–80)

In Minnesota, the residual personal-injury period is six years. *See* Minn. Stat. § 541.05, subd. 1(5); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 n.3 (8th Cir. 1995) (citing authorities); *L.M.G. v. Campbell*, No. 24-CV-4622 (ADM/DTS), 2025 WL 1520423, at *2 (D. Minn. May 28, 2025) (same). A § 1983 claim accrues "when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted)); *see also, e.g.*, *Pub. Water Supply Dist. No. 1 of Greene Cnty. v. City of Springfield*, 52 F.4th 372, 375 (8th Cir. 2022) (quoting *Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021)). For an intentional assault, which is the gist of Mr. Patton's claims against Brandon, this is the time of the assault.

Mr. Patton alleges being "13–14" at the time of the Complaint's events. Minnesota's minority-tolling provision tolls a limitations period while a plaintiff is "within the age of

8

18 years" but, "except in the case of infancy," extends it no more than five years and no more than one year after the relevant condition ceases. *See* Minn. Stat. § 541.15(a)(1). Mr. Patton presumably turned 18 around 2018 or 2019,[6] so the latest plausible expiration of the borrowed six-year period would be approximately 2020, which is several years before this 2026 filing. The excessive-force claim against Brandon is time-barred on the face of the Complaint, so the Court recommends dismissing it.[7]

Two limitations-related points bear mention. First, for screening purposes, the Court cannot conclude on the present record that this analysis applies to Mr. Patton's claims concerning sexual abuse. Under Minn. Stat. § 541.073, an action for damages based on "sexual abuse of an individual under the age of 18" generally "may be commenced at any time."

---

[6] Public records from the Minnesota Department of Corrections suggest that Mr. Patton's specific birthday is August 26, 2000, meaning that he would have turned 18 on August 26, 2018. *See* Minn. Dep't of Corr., Offender Information, Offender ID No. 248312, *available at* https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/248312/Search (last visited May 26, 2026).

[7] To the extent one treats the same beatings as grounding Minnesota common-law claims against Brandon for battery, assault, or intentional infliction of emotional distress, those claims are time-barred as well (and indeed, expired earlier than the federal claim). Each is an intentional tort governed by the two-year limitations period of Minn. Stat. § 541.07(1), not the six-year residual period. *See, e.g.*, *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013); *Hudson v. Corvel Corp.*, No. A23-0267, 2023 WL 5838834, at *4 (Minn. Ct. App. Sept. 11, 2023) (citing *Christenson v. Argonaut Ins. Cos.*, 380 N.W.2d 515, 518 (Minn. App. 1986)). With ordinary minority tolling under Minn. Stat. § 541.15(a)(1), the two-year period for the 2014 conduct expired no later than roughly 2020–21, well before the Complaint's January 2026 filing.

Because Mr. Patton alleges sexual abuse committed against him while he was a minor, the sexual-assault claims against Devin, Trinidad, and Amanda are not obviously time-barred.[8]

Second, the Court recommends dismissing the Complaint's claims against Brandon without prejudice. Mr. Patton alleges "severe degrees of mental illness" and that he is "just getting [his] mind back." (Compl. 3.) Minnesota tolls limitations periods during a period of "insanity," defined as a "substantial inability, by reason of mental defect or deficiency, to understand one's legal rights, manage one's affairs, and prosecute [a] claim." Minn. Stat. § 541.15(a)(3); *Harrington v. Cnty. of Ramsey*, 279 N.W.2d 791, 795 (Minn. 1979); *Hudson*, 2023 WL 5838834, at *5 (quoting *Harrington*)). As with minority tolling, however, the tolling period lasts only five years, and no more than one year after the disability ceases. *See* Minn. Stat. § 541.15(a). As currently pleaded, then, Mr. Patton's conclusory references to mental illness are insufficient to extend his filing deadline for claims against Brandon to 2026. The upshot is that Mr. Patton should be permitted, if he plausibly can, to replead facts supporting tolling of the excessive-force claim on amendment.

## III.   The Complaint's Catch-All Request

As noted above, the Complaint refers to "other constitutional violations That [Mr. Patton] cant Name and would Ask the court to Name them for me." (Compl. 3.) Although the Court must construe *pro se* filings liberally, this rule does not let it tutor parties on what claims to bring, supply missing factual elements, or conduct a roving inquiry into

---

[8] As noted above (*see* note 4), the Court's conclusions here for screening purposes are without prejudice to Defendants responding however they wish, consistent with the Federal Rules of Civil Procedure, after service and appearance.

a prisoner's experiences in custody to find constitutional violations. Because Mr. Patton's request is not connected to specific allegations reflecting the elements of an identifiable cause of action, it fails to state a claim and should be dismissed without prejudice.

## IV.   Summary

Based on the discussion above, certain claims in this matter should proceed past screening. The Court will therefore grant the IFP Application and order certain steps to initiate steps on the remaining Defendants.

### RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff Javier Patton's Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE**, as time-barred, to the extent it brings claims against Defendant "Brandon."

2.  The Complaint be **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim, to the extent that it asks the Court to identify "other" unspecified constitutional violations.

### ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.  The Complaint's current named institutional defendant, "Kids Peace Mesabi Academy Juvenile Facility," be **DISMISSED WITHOUT PREJUDICE** as a nonsuable entity.

2.  KidsPeace Corporation and KidsPeace Mesabi Academy, Inc., be **ADDED** as Defendants to this action.

3.  Mr. Patton's Application to Proceed *In Forma Pauperis* (Dkt. No. 8) be **GRANTED**.

4.    Mr. Patton must submit a properly completed Marshal Service Form (Form USM-285) for Defendants KidsPeace Corporation; KidsPeace Mesabi Academy, Inc.; "Devin"; "Amanda"; and "Trinidad." If Mr. Patton does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Mr. Patton by the Court.

5.    After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants KidsPeace Corporation; KidsPeace Mesabi Academy, Inc.; "Devin"; "Amanda"; and "Trinidad"; consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

6.    If a defendant sued in his or her individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

7.    Mr. Patton must pay the unpaid balance of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Patton is confined.

Date: May 28, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

12

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).